IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00034-MR
(CRIMINAL CASE NO. 1:08-cr-00059-MR-1)

| | |
|---|---|
| DELAND DAMONT HALL, ) <br> ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255 [Doc. 1]; the Government's Motion to Dismiss and Response to the Motion to Vacate [Doc. 6]; and Petitioner's Response in Opposition to the Government's Motion to Dismiss [Doc. 10]. For the reasons that follow, the Court denies and dismisses the motion to vacate and grants the Government's motion to dismiss.

**I. FACTUAL BACKGROUND**

On June 3, 2008, Petitioner was charged by the Grand Jury for the Western District of North Carolina with conspiracy to possess with intent to

distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). [Criminal Case No. 1:08-cr-00059-1, Doc. 1: Bill of Indictment]. On July 2, 2008, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and Petitioner that it intended to seek an enhanced sentence based on a 1998 conviction for possession of cocaine, and a 2005 conviction for possession of cocaine, both in Cleveland County, North Carolina. [Id., Doc. 39: Notice Pursuant to 21 U.S.C. § 851; Doc. 84 at 10; 13: PSR]. Petitioner was sentenced to six to eight months of imprisonment for the 1998 conviction and eight to ten months of imprisonment for the 2005 conviction. [Id., Doc. 84 at 10, 13].

On August 25, 2008, in a written plea agreement, Petitioner agreed to plead guilty to the drug-trafficking charge, and the Government agreed to dismiss the charge for possession of a firearm by a convicted felon. [Id., Doc. 51: Plea Agreement]. The parties further agreed that Petitioner was responsible for at least 50 but less than 150 grams of crack and that the Government would withdraw one of the two prior convictions identified in its § 851 notice. [Id. at 2; Doc. 84 at 4]. Petitioner also agreed to waive his right to contest his conviction or sentence in a post-conviction proceeding,

with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct.  [Id. at 5].

According to the presentence investigation report ("PSR"), Petitioner's Guidelines range of imprisonment, based on a total offense level of 29 and a criminal history category of VI, was between 151 and 188 months of imprisonment.  [Id., Doc. 84 at 19].  The probation officer further noted in the PSR, however, that based on Petitioner's prior convictions and the § 851 notice filed by the Government, Petitioner was subject to a mandatory sentence of twenty years of imprisonment, making his Guideline term 240 months under U.S.S.G. § 5G1.1(b).  [Id.].  Before sentencing, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 based on Petitioner's substantial assistance, and the Court subsequently granted the motion.  See [Id., Doc. 109: Revised Motion for Downward Departure].  The Court ultimately sentenced Petitioner to 132 months of imprisonment.  [Id., Doc. 110: Judgment].  This Court entered its judgment on March 24, 2009, and Petitioner did not appeal.

On November 5, 2011, Petitioner placed the instant motion to vacate in the prison mail system, and the motion was stamp-filed in this Court on November 8, 2011.  In the petition, Petitioner argues that his sentence should be reduced because this Court improperly increased Petitioner's

term of imprisonment in light of the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Court ordered the Government to respond, and on January 26, 2014, the Government filed a response and a motion to dismiss the motion to vacate. On February 5, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court gave Petitioner notice of his right to respond to the motion to dismiss, and Petitioner has now filed a response.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Petitioner's judgment became final on April 3, 2009, when his time to appeal expired. Fed. R. App. P. 4(b) (giving ten days to file a notice of appeal, amended to fourteen days effective December 1, 2009); Clay v. United States, 537 U.S. 522, 527 (2003). Because Petitioner did not file his motion to vacate until more than two years after his conviction became final, his motion is untimely under § 2255(f)(1), and none of the other exceptions to the one-year limitations period render the petition timely.

Furthermore, Petitioner has not shown the existence of extraordinary circumstances to warrant equitable tolling.

Even if the § 2555 petition were not time-barred, Petitioner's Simmons claim would be subject to dismissal because he waived his right to bring this challenge in his plea agreement. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. See [Criminal Case No. 1:08-cr-00059-1, Doc. 53: Acceptance and Entry of

Guilty Plea]. His petition presents neither a claim of ineffective assistance of counsel nor a claim of prosecutorial misconduct. Accordingly, neither of the two exceptions to his waiver applies, and his motion to vacate would be subject to dismissal for this reason even if it were not time-barred.

Finally, the Court notes that Petitioner argues in his response to the Government's motion to dismiss that this Court should not enforce either the one-year limitations period or the waiver in his plea agreement of the right to bring claims other than those for ineffective assistance of counsel and prosecutorial misconduct. Petitioner first contends that neither of the two prior convictions listed in the § 851 notice qualifies as a predicate felony under <u>Simmons</u>, and Petitioner notes that the Government does not contest that fact in its motion to dismiss.[1] Thus, Petitioner is essentially asking this Court to apply equitable tolling. Even if Petitioner's <u>Simmons</u> claim has merit, this is not an extraordinary circumstance that warrants equitable tolling. Indeed, the very purpose of the limitations period is to limit the time for filing a petition, <u>regardless</u> of the merits of a petitioner's claim. As to the waiver in the plea agreement, the Government has expressly argued in its brief for enforcement of Petitioner's waiver, and a

---

[1] In the plea agreement, the Government did not indicate which of the two prior convictions it was not going to rely on for sentencing enhancement purposes under § 851. [Criminal Case No. 1:08-cr-00059-1, Doc. 51 at 2].

district court may not modify a plea agreement. See United States v. Williams, 260 F.3d 160, 165 (2d Cir. 2001). Therefore, Petitioner's argument as to his plea waiver is also without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack, 529 at 484-85. As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss [Doc. 6] is **GRANTED**, and Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge